UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| BRIAN FRANCE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 25-2009 |
| | ) | |
| WILLIAMSON, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

## **MERIT REVIEW ORDER**

Plaintiff, proceeding pro se and presently incarcerated at Danville Correctional Center, was granted leave to proceed *in forma pauperis*. The case is now before the Court for a merit review of Plaintiff's claims. The Court must "screen" Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.*

The Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Conclusory statements and labels are insufficient—the facts alleged must "state a claim for relief that is plausible on its face." *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

Plaintiff alleges that prison officials took an unreasonable amount of time to do his laundry, failed to do his laundry on the wing as previous approved, and that his efforts to grieve the issues were unsuccessful. Plaintiff also appears to allege that prison officials confiscated, lost, or damaged other items of property upon his transfer from another prison.

A prison official violates the Eighth Amendment if he or she denies a prisoner his or her basic human needs, but only if the official is aware of and deliberately indifferent to an objectively serious risk of harm. *Townsend v. Fuchs,* 522 F.3d 765, 773 (7th Cir. 2008). The conditions at issue must be "sufficiently serious" such that "a prison official's act or omission result[ed] in the denial of the minimal civilized measure of life's necessities." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Only extreme deprivations, viewed in relation to contemporary standards of decency, make out a conditions-of-confinement claim. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992).

"Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation." *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996). An official's involvement in the grievance process is usually not sufficient to show the required personal involvement. *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007).

Plaintiff's allegations do not permit a plausible inference that the delay in receiving his laundry subjected him to a significant risk to his health or safety, or that the named defendants were personally responsible for any delays. Plaintiff also does not provide sufficient information regarding the loss or confiscation of his personal property for the Court to find that he states a claim.

The Court finds that Plaintiff fails to state a claim upon which relief can be granted. Plaintiff's complaint is dismissed with leave to amend as directed below to permit Plaintiff the opportunity to clarify his allegations and provide any additional information he desires the Court to consider.

**IT IS THEREFORE ORDERED:**

1) Plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Plaintiff shall have 30 days from the entry of this order to file an amended complaint. Failure to file an amended complaint will result in the dismissal of this case, with prejudice, for failure to state a claim. Plaintiff's amended complaint will replace Plaintiff's original complaint in its entirety. The amended complaint must contain all allegations against all Defendants. Piecemeal amendments are not accepted.

2) Clerk is directed to send Plaintiff a blank complaint form.

Entered this 22nd day of April, 2025.

_s/Sara Darrow_
SARA DARROW
CHIEF U.S. DISTRICT JUDGE
